JACOBS P.C.
*Attorneys for Green Point*
*Management Systems, LLC*
595 Madison Avenue, Floor 39
New York, NY 10022
Leo Jacobs
Lewis Fischbein

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

| | |
|---|---|
| In re | **Bankruptcy Case No. 23-71078** |
| **GREEN POINT MANAGEMENT SYSTEMS, LLC,** | **Chapter 11** |
| Debtor. | |

---------------------------------------------------------------------X

| | |
|---|---|
| **GREENPOINT MANAGEMENT SYSTEMS, LLC,** | **State Court Index No. 208069/2022** |
| Plaintiff, | **(Supreme Court, Suffolk County)** |
| -against- | |
| **GERALD ROSENGARTEN,** | |
| Defendant. | |

---------------------------------------------------------------------X

**NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. § 1452 AND RULE 9027(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Green Point Management Systems, LLC (the "Debtor" or "Green Point"), by and through its attorneys, Jacobs P.C., represents:

1. The Debtor hereby gives notice and removes to the United States District Court, Eastern District of New York, under 28 U.S.C. § 1452 and Fed.R.Bankr.P. 9027(a), the civil action styled *Greenpoint Management Systems, LLC, Plaintiff, -against- Gerald Rosengarten, Defendant,* pending in the Supreme Court of the State of New York, County of Suffolk, Index No. 208069/2022 (the "State Court Action").

2. The Debtor anticipates this action being referred to the United States Bankruptcy Court for the Eastern District of New York, where the Debtor's bankruptcy case is pending. *See* 28 U.S.C. § 157(a).

3. On March 29, 2023, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court, Eastern District of New York (the "Court").

4. No trustee has been appointed in the bankruptcy case.

5. In the State Court Action, Green Point seeks to recover damages for breach of an agreement between Gerald Rosengarten ("Rosengarten") and Green Point providing Green Point with certain additional compensation. Specifically, upon the occurrence of certain events, which came to pass, that agreement gives Green Point an economic interest of three percent in the entity that originally owned the property where a certain solar farm is located (Howard Rosengarten & Associates, LLC ("HRA")) and in the entity that leases that property (MISF, LLC ("MISF")). Due to Rosengarten's breach of that agreement, he owes Green Point three percent of the profits and dividends of HRA[1] and MISF, together with three percent of the value of each of those entities.

6. The Debtor's verified complaint in the State Court Action is annexed hereto as Exhibit "A."

7. The State Court Action fundamentally relates to, and concerns, efforts to collect accounts receivable.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. *In re Moore*, 312 B.R. 902, 906 (Bankr. N.D. Ala. 2004) ("[T]he pending state court action

---

[1] HRA later became HR Associates, LLC by succession.

unquestionably became property of the estate under § 541(a)(1) once the Debtor filed a petition for relief."); *Hatcher v Lloyd's of London*, 204 B.R. 227, 230 (M.D. Ala. 1997) (finding "related to" jurisdiction under section 1334(b) in part because "proceedings related to bankruptcy include causes of action owned by the debtor which become property of the estate."); *In re Lion Capital Group*, 46 B.R. 850, 860 (Bankr. S.D.N.Y. 1985) ("To refer such matters to crowded district court calendars or to the even greater backlogged state court systems is to greatly impair, if not defeat, the goals of rehabilitation and payment of creditors.").

9. The State Court Action is an action which may be removed pursuant to 28 U.S.C. § 1452.

10. Upon removal of the State Court Action, upon information and belief, if this action is not a core proceeding under 28 U.S.C. § 157(b)(O), it is a related to proceeding.

11. This Notice of Removal is timely filed under Fed.R.Bankr.P. 9027(a)(2).

12. Debtor consents to entry of orders and judgments by the Bankruptcy Judge before whom the Chapter 11 case is pending, Hon. Louis A. Scarcella, U.S.B.J.

13. Copies of all process and pleadings from the State Court Action are annexed. Promptly after filing this Notice, Green Point will serve a copy of this Notice on parties of record in the State Court Action and with the Clerk of the Supreme Court of the State of New York, County of Suffolk.

Dated: New York, NY
May 11, 2023

JACOBS P.C.
*Attorneys for Green Point Management Systems, LLC*
595 Madison Avenue, Floor 39
New York, NY 10022

By: /s/ Leo Jacobs
Leo Jacobs

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
GREENPOINT MANAGEMENT SYSTEMS, LLC,

              Plaintiff,  Index No. 208069/2022

-against-            Date Filed: December 15, 2022

GERALD ROSENGARTEN,        **VERIFIED COMPLAINT**

              Defendant.
---------------------------------------------------------------X

  Plaintiff Greenpoint Management Systems, LLC ("GPM"), through its attorneys, Jacobs P.C., for its Verified Complaint against Defendant Gerald Rosengarten ("Gerald"), alleges as follows:

## INTRODUCTION

  1. This action seeks to recover damages for breach of an agreement between Gerald and GPM providing GPM with certain additional compensation upon the passage of certain events in connection with GPM's creation and development over the course of more than eight years of what became one of Long Island's largest, most profitable, privately held solar farms (the "Solar Farm") on certain property (the "Property") originally owned by Howard Rosengarten & Associates, GP ("HRA GP"), then transferred to Howard Rosengarten & Associates, LLC ("HRA"), of which Gerald was and is a managing member, and leased to MISF, LLC ("MISF"), of which Gerald also was and is a managing member.

  2. Specifically, several years after HRA signed a consulting agreement for GPM's predecessor and subsequently GPM to perform due diligence on the Solar Farm project, Gerald and GPM entered into an additional compensation agreement giving GPM an economic interest of three (3%) percent in HRA and MISF upon the occurrence of certain events, which came to pass.

1

3. Gerald has breached that agreement, under which Gerald owes GPM three (3%) percent of the profits and dividends of HRA and MISF, together with three (3%) percent of the value of those entities.

4. HRA Associates, LLC ("HR") is the successor to HRA, at a minimum by reason of HRA's transfer of the Property to HR on May 1, 2019 for no consideration.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Gerald under CPLR 302 by virtue of his transacting business in Suffolk County.

6. Venue is proper in Suffolk County as it is the county in which a substantial part of the events or omissions giving rise to the claim for breach of contract occurred, pursuant to CPLR 503.

## PARTIES

7. Plaintiff GPM is a domestic limited liability company with a principal place of business in the County of Suffolk and State of New York.

8. Defendant Gerald is an individual and a resident of Southampton in the State of New York.

## FACTUAL ALLEGATIONS

### The Solar Farm Project

9. MISF was formed in New York State in 2012 to develop a solar power generating facility – the Solar Farm – on a 3,900 feet by 1,000 feet parcel of undeveloped land in Brookhaven, Long Island – the Property.

10. The Property was owned by HRA, GP and subsequently HRA since February 1986, and has been owned since May 1, 2019 by HR.

2

11. HRA and MISF were organized to participate in the Solar Farm project, primarily through ownership and lease of the Property and certain related permits.

12. Upon information and belief, originally HRA leased the Property, and since May 1, 2019, HR has leased the Property to MISF for around $800,000 per year.

**The Consulting Agreement by Which GPM Performed Extensive Due Diligence Services for the Project**

13. In connection with the development of the Solar Farm project, HRA and Greenpoint Energy Inc. ("GPE") entered into a consulting agreement dated August 20, 2012. (the "Consulting Agreement).

14. GPE assigned the Consulting Agreement to GPM with HRA's consent.

15. Pursuant to the Consulting Agreement, GPE agreed to provide HRA with numerous due diligence services related to the development of the Solar Farm project in return for certain fixed lump sum and hourly compensation.

16. GPM continued to manage work on the Project through early 2018.

17. Despite requests for payment, and HRA's assurances that all remaining and outstanding monies owed to GPM would be paid, GPM is still owed an unpaid balance of a minimum of $1.25 million for services rendered under the Consulting Agreement.

**The Additional Compensation Agreement by Which GPM Received an Economic Interest of 3% in HRA and MISF**

18. As of July 4, 2016, Gerald owned a twenty-three (23%) per cent interest in each of HRA and MISF.

19. On that date, Gerald and GPM entered into an agreement by which GPM would receive additional compensation upon receiving SEQRA approval for the Project and the Town of

3

Brookhaven approving a site plan for the Project (the "Additional Compensation Agreement," Exhibit A).

20. Gerald did so "wish[ing] to compensate G[PM] in an amount equal to three (3%) per cent of the total value of [HRA and MISF] for G[PM's] efforts in the application of [HRA and MISF] to obtain SEQRA approval and site plan [approval]" for the Project.

21. Gerald also did so in recognition that GPM had not been appropriately compensated for its due diligence activities.

22. Article I, Scope and Description, of the Additional Compensation Agreement provides as follows:

> This agreement is entered into to memorialize the compensation G[PM] will receive for its efforts above mentioned. In consideration of the labor, expertise and efforts of G[PM] towards this project, Gerald Rosengarten does hereby pledge and promise to compensate G[PM] in an amount equal to that of ... three (3%) of the pre-tax gross income and/or dividends acquired as well as an [amount] equal to three per cent of the value of these companies [previously defined to be HRA and MISF]. It is estimated that the present value of the companies is $8,000.000.00 making the present value of G[PM's] interest the sum of $240,000.00.

23. Article II, Compensation, of the Additional Compensation Agreement provides as follows:

> G[PM] shall be compensated for its services provided and for its interest in the companies as if it were a three percent (3%) shareholder or partner in the companies. G[PM] shall be held harmless and have no liability to the companies.

24. Article III, Sale of Shares, of the Additional Compensation Agreement provides as follows:

> In the event of the sale of the common shares, G[PM} shall be compensated as if it were a Three (3%) Per Cent Shareholder to this agreement and it shall share in that percentage from the proceeds derived from the sale.

25. Article IV, Sale of the Companies, of the Additional Compensation Agreement

4

provides as follows:

> Upon the sale, transfer, conveyance or assignment of the companies, G[PM] shall receive an amount equal to the greater of three (3%) percent of the sale value or the fair market value of the companies.

26. The Project received both SEQRA approval and site plan approval by April 17, 2017.

27. To date, Gerald has failed to compensate GPM under the Additional Compensation Agreement, whether it be three (3%) percent of the annual pre-tax gross income and dividends paid of each of HRA and MISF or the additional amount owing under Article I of the Agreement equal to three (3%) percent of the value of those companies.

28. Upon information and belief, HRA (or its successor HR) and MISF have been valued at well over $100 million.

### AS AND FOR A FIRST CAUSE OF ACTION
**Breach of Contract (Additional Compensation Agreement) Asserted by GPM Against Gerald Rosengarten**

29. GPM repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

30. The Additional Compensation Agreement constitutes a valid contract between GPM and Gerald, whose terms are set forth in Exhibit A.

31. To date, Gerald has failed to compensate GPM under the Additional Compensation Agreement, whether it be three (3%) percent of the annual pre-tax gross income and dividends paid of each of HRA and MISF or the additional amount owing under Article I of the Agreement equal to three (3%) percent of the value of those companies.

32. Gerald breached the Additional Compensation Agreement by failing to compensate GPM in either of the foregoing amounts.

33. GPM performed all the terms of the Additional Compensation Agreement on its part

5

to be performed.

34. By reason of Gerald's breach, GPM has been damaged in the amount of three (3%) percent of each of HRA (or its successor HR) and MISF's annual pre-tax gross income and dividends paid and in the amount of at least $3 million, representing three (3%) percent of the minimum value of HRA (or its successor HR) and MISF, together with interest from applicable dates.

**WHEREFORE,** judgment should be entered:

(a) In favor of GPM on the first cause of action for breach of the Additional Compensation Agreement against Gerald Rosengarten, in the amount of three (3%) percent of each of HRA (or its successor HR) and MISF's annual pre-tax gross income and dividends paid and in the amount of at least $3 million, representing three (3%) percent of the minimum value of HRA (or its successor HR) and MISF, together with interest from applicable dates;

(b) awarding GPM the costs and disbursements of this action; and

(c) granting GPM such other and further relief as the court may deem just, proper and equitable.

Dated: New York, New York
March 28, 2023

JACOBS P.C.

/s/ Ilevu Yakubov

Ilevu Yakubov
*Attorneys for Plaintiffs*
595 Madison Avenue, Fl. 39
New York, NY 10022
(212) 229-0476
leo@jacobspc.com

## VERIFICATION

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF NEW YORK  )

     ADAM ROSEN, being duly sworn, deposes and says:

     I am a member of Greenpoint Management Systems, LLC, the Plaintiff in the within action. I have read the Complaint herein, and all the contents thereof are true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
ADAM ROSEN

Sworn to before me this 28th day
of March, 2023

_____
Notary Public

ADAM SHERMAN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SH6407890
Qualified in New York County
Commission Expires July 20, 2024

FILED: SUFFOLK COUNTY CLERK 03/28/2023 05:58 PM
NYSCEF DOC. NO. 12
INDEX NO. 208069/2022
RECEIVED NYSCEF: 03/28/2023

Case 2:23-cv-03564-JMA-AYS   Document 1   Filed 05/11/23   Page 12 of 14 PageID #: 12

# EXHIBIT A

# AGREEMENT

This agreement is made July 4, 2016 by and between **Greenpoint Management Systems LLC. ("GMS")** with an address located at 606 C Montauk Hwy., Bayport, New York 11705 and Gerald Rosengarten of *30 Pelham St*, Southampton, New York 11968, for the purpose of engaging in and carrying on for profit, the enterprise set forth below.

**WHEREAS,** Gerald Rosengarten owns twenty-three (23%) per cent interest in Howard Rosengarten and Associates and MISF, LLC. ("THE COMPANIES") Gerald wishes to compensate GMS in an amount equal to three (3%) per cent of the total value of these entities for GMS' efforts in the application of the Companies to to obtain SEQRA approval and site plan.

In consideration of the mutual benefits to be derived, the parties agree as follows:

## ARTICLE I. SCOPE AND DESCRIPTION

This agreement is entered into to memorialize the compensation GMS will receive for its efforts above mentioned. In consideration of the labor, expertise and efforts of GMS towards this project, Gerald Rosengarten does hereby pledge and promise to compensate GMS in an amount equal to that of a three (3%) of the pre-tax gross income and/or dividends acquired as well as an equal to three per cent of the value of these companies. It is estimated that the present value of the companies is $8,000.000.00 making the present value of GMS'S interest the sum of $240,000.00.

## ARTICLE II. COMPENSATION

GMS shall be compensated for its services provided and for its interest in the companies as if it were a three percent (3%) shareholder or partner in the companies. GPS shall be held harmless and have no liability to the companies.

## ARTICLE III. SALE OF SHARES

In the event of the sale of the common shares, GMS shall be compensated as if it were a Three (3%) Per Cent Shareholder to this **agreement** and it shall share in that percentage from the proceeds derived from the sale.

## ARTICLE IV. DEATH OF ANY PARTY

In the event of the death of any of the parties to this **agreement**, the respective estates of the **each** shall succeed to the rights, privileges of their estate.

## ARTICLE V. NATURE OF AGREEMENT

This agreement shall not be deemed, held, or construed as creating a partnership or shareholders agreement among the parties to the agreement. This agreement shall be held to apply solely as a measure of compensation to GMS for the value of services rendered by GMS to the Companies' and shall not constitute the purchase, ownership, and disposition of the common shares and shall not include any other transactions that have been or that may be entered into by any of the parties and shall not include any business or businesses that any of the parties are now in or that any of the parties may enter into in the future.

### ARTICLE VI. BINDING EFFECT

This agreement shall be binding upon the parties to the **agreement**, their heirs, successors, executors, administrators, and assigns.

### ARTICLE VII. SALE OF THE COMPANIES

*[Handwritten note: This Agreement Shall represent payments Due from Gerald Rosengarten to/for MSF LLC.]*

Upon the sale, transfer, conveyance or assignment of the companies, GMS shall receive an amount equal to the greater of three (3%) percent of the sale value or the fair market value of the companies.

### ARTICLE VIII. OTHER PROVISIONS

In the event of a dispute concerning the terms of this agreement, in lieu of seeking redress from the courts, the parties agree participate in binding arbitration.

_____  
Gerald Rosengarten

_____  
Greenpoint Management Systems LLC.